1 | SHEPPARD MULLIN RICHTER & HAMPTON LLP
     A Limited Liability Partnership
2 |    Including Professional Corporations
  Gregory P. Barbee, Cal. Bar No. 185156
3 | John M. Hynes, Cal. Bar No. 265778
  333 South Hope Street, 48th Floor
4 | Los Angeles, California  90071-1448
  Telephone:  (213) 620-1780
5 | Facsimile:  (213) 620-1398
  E-mail:  gbarbee@sheppardmullin.com
6 | E-mail:  jhynes@sheppardmullin.com

7 | Attorneys for Plaintiff
  NORTHROP GRUMMAN GUIDANCE
8 | AND ELECTRONICS COMPANY, INC.

9

10 | UNITED STATES DISTRICT COURT

11 | CENTRAL DISTRICT OF CALIFORNIA

12

13 | NORTHROP GRUMMAN
  GUIDANCE AND ELECTRONICS
14 | COMPANY, INC., a Delaware
  Corporation,

15 |                Plaintiff,

16 |      v.

17 | ABRAXSIS TECHNOLOGIES, LLC, a
  Maryland Limited Liability Company;
18 | and DOES 1 through 10, inclusive,

19 |            Defendant.

**Case No.**

**CV11 - 1377 DDP (AJWx)**

**COMPLAINT FOR:**

**(1) BREACH OF CONTRACT;**

**(2) DECLARATORY RELIEF;**

**(3) INTENTIONAL MISREPRESENTATION;**

**(4) NEGLIGENT MISREPRESENTATION;**

**(5) CIVIL RECOVERY FOR THEFT; AND**

**(6) UNFAIR COMPETITION**

**DEMAND FOR JURY TRIAL**

Complaint Filed:    February 14, 2011

20

21

22

23

24

25

26

27

28

-1-

W02-WEST:1GPB1\403273382.1

COMPLAINT

1           Plaintiff Northrop Grumman Guidance and Electronics Company, Inc.

2   ("Northrop"), for causes of action against defendant Abraxsis Technologies, LLC

3   ("Abraxsis") alleges as follows:

4

5           1.    This is an action for breach of contract brought by Northrop

6   against Abraxsis for Abraxsis' failure to perform in accordance with the terms and

7   conditions of a specific agreement pursuant to which Abraxsis was obligated to

8   provide microcircuit parts to Northrop for its use in fulfilling contracts between

9   Northrop, on the one hand, and the United States government and commercial

10   entities, on the other hand.  In connection with the parties' dealings related to the

11   microcircuit parts, Abraxsis defrauded Northrop and engaged in unfair competition.

12

13           2.    Plaintiff Northrop is a Delaware corporation, qualified to do

14   business in the State of California.  Northrop's principal place of business is located

15   at 21240 Burbank Boulevard, Woodland Hills, California 91367.

16

17           3.    On information and belief, Defendant Abraxsis is, and was at all

18   times pertinent hereto, a Maryland limited liability company, with its principal place

19   of business in Maryland.

20

21           4.    Northrop is unaware of the true names and capacities, whether

22   individual, corporate, associate or otherwise, of defendants Does 1 through 10,

23   inclusive, or any of them, and therefore sues these defendants, and each of them, by

24   such fictitious names.  Northrop will seek leave of this Court to amend this

25   complaint when the status and identities of these defendants are ascertained.  The

26   Doe defendants include persons and entities assisting or acting in concert with

27   Abraxsis in connection with the acts complained of herein.

28

**JURISDICTION AND VENUE**

5.     This Court has jurisdiction over Northrop's claims against Abraxsis pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and this dispute is between citizens of different states.

6.     Venue is proper within this judicial district under 28 U.S.C. § 1391(a)(2), in that a substantial part of the property that is the subject of the action is situated in this district and Abraxsis caused harm to Northrop in this district; furthermore, venue is proper in this district because the parties hereto contractually agreed that any dispute not settled by agreement of the parties would be litigated in California.

**FACTS**

7.     In August 2008, Northrop submitted to Abraxsis a Request for Quotation ("RFQ") seeking Abraxsis' quotation for delivery to Northrop of 6,500 microcircuits. As part of that RFQ, Northrop specified that the quote should take into account that Abraxsis would be required to send the parts to a third-party testing service, Integra, to ensure compliance with Northrop Inspection Instruction 183 ("II183").

8.     Northrop required II183 testing to ensure that the microcircuits that would be delivered by Abraxsis would conform to the requirements of various Northrop contracts with the United States government and commercial entities. Specifically, the microcircuits needed to, among other things, be genuine Texas Instruments microcircuits, be unused, pass certain electronics testing and pass a visual inspection.

W02-WEST:1GPB1\403273382.1

COMPLAINT

9.     On August 5, 2008, Abraxsis sent its quotation to Northrop, proposing to sell the microcircuits for $515.65 each, "II 183 included in the price." After further discussions, Abraxsis modified its quotation to set a price of $514.96 each, "II 183 included in the price," and confirmed that Abraxsis would incur any test charges.

10.     As part of the parties' agreement, Abraxsis expressly acknowledged and accepted Northrop's terms and conditions and specifically agreed that if the microcircuits "are found to be altered, counterfeit, used or non-conforming after reception by Northrop, Northrop is authorized to return the defective devices for full credit." On August 18, 2008, Northrop issued Purchase Order 39194575 memorializing the parties' agreement. A copy of Purchase Order 39194575 is attached hereto as Exhibit A and incorporated herein by reference.

11.     Abraxsis began shipping parts to Integra for testing. As part of that testing, the parties agreed that Integra would perform external visual testing per MIL-STD-883, Method 2009. If minor scratches, marks and faint marking were present, Integra would document such findings and label the devices as "Pass – with NG Approval Required." Parts that passed all inspection criteria were labeled as "Full Pass." All devices shipped from Integra to Northrop were labeled as "Pass – with NG Approval Required" and shipped to Northrop for further visual testing. After receiving such parts from Integra, Northrop rejected the parts based upon its visual inspection and requested further assurances from Abraxsis regarding the storage and pedigree of the parts.

12.     Based upon problems and defects with the microcircuits delivered by Abraxsis to Integra, as well as many more lots of parts than had originally been quoted, the parties agreed to modify their contract to revise Purchase

-4-

COMPLAINT

Order 39194575.  The quantity to be delivered was lowered (to encompass only eight larger lots) and Northrop again confirmed and clarified to Abraxsis the testing criteria required to ensure compliance with II183.  Accordingly, on November 13, 2008, Northrop issued Change Notice No. 1 to Purchase Order 39194575, memorializing the parties' revised agreement by which Abraxsis agreed to provide 5,100 microcircuits that passed II183 in exchange for $2,626,296.  A copy of Change Notice No. 1 to Purchase Order 39194575 is attached hereto as Exhibit B and incorporated herein by reference.

13.     At the same time as Northrop and Abraxsis negotiated and agreed to the change in Purchase Order 39194575, Northrop requested that Abraxsis certify and confirm that the supplier of the microcircuit parts to Abraxsis complied with all the requirements of JEDEC Standard JESD31C, General Requirements for Distributors of Commercial and Military Devices, including:  that the microcircuit parts had been stored in a climate control warehouse and/or in sealed moisture barrier/ESD (electrostatic discharge) compliant bags, that the environment was military and proper compliance procedures had been maintained.  On October 24, 2008, Abraxsis (through William A. Knell, Sr., its Director of Logistics) certified that the microcircuit parts had "been handled and or stored in a climate controlled facility at a military subcontractor in full compliance to JESD31C."

14.     In reliance on that certification, Northrop agreed that Abraxsis should ship parts to Integra in stages, in exchange for milestone payments for the microcircuits.  Northrop incurred approximately $100,000 in costs to help Integra develop the software and test bed to properly test the microcircuit parts.  Until approximately August 2009, Integra developed the software and test bed.  During that time, Northrop paid Abraxsis approximately $656,000 in milestone payments.

COMPLAINT

15.     From approximately August 2009 to October 2009, Integra tested the parts Abraxsis had delivered to Integra.  Although the parts generally passed electrical testing, Integra again did not pass the parts without qualification, but instead passed the parts subject to Northrop's approval.

16.     In September 2009, while Integra was testing the parts that had previously been delivered by Abraxsis, Abraxsis represented (through Patrick Dunn, its Director of Sales and Marketing) that Abraxsis had 3,100 more microcircuits ready to deliver for testing and requested partial payment of approximately $798,250.  Based upon that representation, Northrop paid Abraxsis an additional $798,250 on September 30, 2009.  To date, Northrop has paid $1,454,630.56 to Abraxsis under Purchase Order 39194575.

17.     In October 2009, Northrop received parts from Integra that Integra had tested, passing the electrical testing and requesting Northrop approval of visual testing.  Northrop determined that the parts appeared to have been altered, used or found non-conforming to Northrop's II183.  Northrop thus requested further documentation and assurances from Abraxsis as to the custody and provenance of the parts.  From October 2009 to approximately June 2010, Northrop negotiated with Abraxsis as to the level of documentation necessary to provide such assurances.  Abraxsis failed to provide such documentation or assurances.

18.     Northrop engaged an outside testing service, Silicon Cert, to examine and inspect the parts delivered by Abraxsis.  That service ultimately found that the only 8 of the 1,943 parts delivered for testing passed Northrop's II183.

19.     Accordingly, pursuant to the parties' contract, Northrop returned the defective, used and non-conforming items to Abraxsis and requested a refund of

the monies paid to Abraxsis.  Contrary to the parties' agreement, Abraxsis refused to accept the rejected microcircuits and refused to refund any money to Northrop.

## GOVERNING LAW

20.     Purchase Order 39194575 provides that it is governed by and to be interpreted in accordance with the federal common law of Government contracts as supplemented by the law of the State of California.

## FIRST CAUSE OF ACTION
### (For Breach of Contract)

21.     Northrop realleges paragraphs 1 through 20 and incorporates them as though fully set forth.

22.     Northrop duly performed all its obligations under Purchase Order 39194575 except those for which its performance was excused.  Northrop was ready, willing and able to complete its performance under Purchase Order 39194575.

23.     Abraxsis was required to provide 5,100 microcircuits conforming to the specifications and testing enunciated in Purchase Order 39194575.  For any microcircuits found to be counterfeit, altered, used or non-conforming, Purchase Order 39194575 entitled Northrop to return those parts to Abraxsis and obligated Abraxsis to refund the price for such microcircuits to Northrop.

24.     Abraxsis breached Purchase Order 39194575 by failing to provide the requisite conforming microcircuits, by failing to accept the microcircuits rejected by Northrop and by failing to refund the monies paid by Northrop to Abraxsis, $1.45 million.

-7-

COMPLAINT

1          25.    Abraxsis' repudiation and total breach of Purchase Order

2   39194575 caused injury and damage to Northrop, including non-refund of $1.45

3   million paid to Abraxsis by Northrop, incurred costs and lost profits.

4

5   **SECOND CAUSE OF ACTION**

6   (For Declaratory Relief Against Abraxsis)

7          26.    Northrop realleges and incorporates by reference the allegations

8   of paragraphs 1 through 25 of this complaint.

9

10          27.    An actual, justiciable controversy has arisen and now exists

11   between Northrop and Abraxsis concerning the interpretation of, and their

12   respective rights and liabilities under, Purchase Order 39194575.  Northrop contends

13   that Abraxsis has failed to timely deliver required parts of the quality specified in

14   Purchase Order 39194575.  Northrop further contends that Abraxsis has failed to

15   accept the rejected microcircuits and refund to Northrop the purchase price paid by

16   Northrop to Abraxsis.  On information and belief, Abraxsis contends that the parts it

17   delivered met the quality and testing specified in Purchase Order 39194575.

18

19          28.    Northrop is informed and believes, and thereon alleges, that

20   Abraxsis disputes Northrop's contentions and Northrop's interpretation of Purchase

21   Order 39194575.  Northrop disputes Abraxsis' contentions and interpretation of

22   Purchase Order 39194575.

23

24          29.    Northrop desires a judicial determination of the respective rights

25   and duties of Northrop and Abraxsis with respect to their obligations and rights

26   under Purchase Order 39194575.

27

28

W02-WEST:1GPB1\403273382.1

COMPLAINT

30.     A judicial determination of Northrop's and Abraxsis' respective obligations and rights under Purchase Order 39194575 is necessary and appropriate at this time so that the parties may resolve their disputes and so that they can best mitigate their damages.

31.     Northrop requests that the Court enter a declaratory judgment declaring that Abraxsis failed to:  (1) timely deliver required parts of the quality specified in the parties' contract, (2) accept parts rejected by Northrop, and (3) refund to Northrop the funds it had paid for such parts despite Abraxsis' agreement to provide such services.

## THIRD CAUSE OF ACTION

(For Intentional Misrepresentation Against Abraxsis)

32.     Northrop realleges and incorporates by reference the allegations of paragraphs 1 through 31 of this complaint.

33.     In connection with Purchase Order 39194575, and in addition to the misrepresentations set forth in writing in Paragraphs 13 and 16, above, Defendant Abraxsis, through David Friede and Patrick Dunn, orally represented to Northrop that Abraxsis would perform all obligations required to be performed by Abraxsis under Purchase Order 39194575.  On information and belief, Abraxsis did not intend to fulfill its promises at the time they were made.

34.     On information and belief, contrary to Abraxsis' written representations, the microcircuit parts had not been handled and stored in full compliance with the requirements of JEDEC Standard JESD31C, General Requirements for Distributors of Commercial and Military Devices.  Furthermore, on information and belief, notwithstanding Abraxsis' representations and invoice to

1   Northrop, Abraxsis did not have 3,100 additional parts in inventory ready to ship to
2   Northrop in September 2009.  Finally, contrary to Abraxsis' oral representations,
3   Abraxsis did not perform all obligations required to be performed by Abraxsis under
4   Purchase Order 39194575.  Northrop did not discover the true facts regarding the
5   JESD31C certification until Northrop received additional parts from Integra in about
6   October 2009; until at least April 2010, Northrop did not discover that Abraxsis did
7   not have the parts it had promised and for which it had invoiced Northrop.
8
9       35.   Abraxsis' failure to disclose the true facts as well as the
10  intentional representations described above were made by Abraxsis with the intent
11  to induce Northrop to pay non-recurring test charges to Integra and "milestone
12  payments" to Abraxsis, and to continue testing the materials Abraxsis had already
13  sent to Integra and Northrop.
14
15      36.   In reliance on Abraxsis' misrepresentations, Northrop incurred
16  approximately $100,000 in costs related to the testing of materials delivered to
17  Integra by Abraxsis; Northrop also paid $1.45 million to Abraxsis in reliance on
18  Abraxsis' misrepresentations.
19
20      37.   Northrop, at the time of Abraxsis' misrepresentations and failure
21  to disclose the true facts, and at the time Abraxsis took the actions alleged herein,
22  was ignorant of the existence of those facts.  Had Northrop known the true facts,
23  Northrop would not have paid Integra approximately $100,000 for software
24  development and a test bed, would not have paid Abraxsis $656,380 in milestone
25  payments nor paid Abraxsis the additional $798,250 for the purported 3,100
26  additional parts.  Northrop's reliance was justified in that Northrop was misled by
27  false representations and even after reasonable inquiry did not have knowledge of
28  those facts that were suppressed.

COMPLAINT

38.     As a proximate result of the misrepresentations and the failure to disclose the true facts, Northrop has been damaged in that it expended at least $100,000 in costs for testing of the microcircuits at Integra, and at least $1.45 million for faulty or non-existing microcircuits.  Abraxsis' failure, and inability, to deliver the microcircuits has also damaged Northrop in that it has been forced to attempt to acquire replacement parts and ultimately to expedite design changes that omit the requirement of this particular microcircuit in products supplied by Northrop to its customers.  The full amount of Plaintiff's damages is unknown at this time but they will be established at the time of trial.

39.     In doing the things alleged in this complaint, Abraxsis acted with oppression, fraud, and malice.  Northrop is therefore entitled to punitive damages in a sum according to proof.

## **FOURTH CAUSE OF ACTION**

(For Negligent Misrepresentation Against Abraxsis)

40.     Northrop realleges and incorporates by reference the allegations of paragraphs 1 through 39 of this complaint.

41.     At the time Abraxsis made the false representations set forth in Paragraphs 13 and 16 herein, Abraxsis had no reasonable grounds for believing them to be true.  Abraxsis made the foregoing misrepresentations, and concealed facts as set forth above, with the intent that Northrop rely thereon and, among other things, pay unwarranted milestone payments to Abraxsis.

42.     On information and belief, contrary to Abraxsis' written representations, the microcircuit parts had not been handled and stored in full compliance with the requirements of JEDEC Standard JESD31C, General

W02-WEST:1GPB1\403273382.1

COMPLAINT

1  Requirements for Distributors of Commercial and Military Devices.  Furthermore,
2  on information and belief, notwithstanding Abraxsis' representations and invoice to
3  Northrop, Abraxsis did not have 3,100 additional parts in inventory ready to ship to
4  Northrop in September 2009.

5

6      43.    Abraxsis' failure to disclose the true facts as well as the negligent
7  representations described above were made by Abraxsis with the intent to induce
8  Northrop to pay non-recurring test charges to Integra and "milestone payments" to
9  Abraxsis, and to continue testing the materials Abraxsis had already sent to Integra
10  and Northrop.

11

12      44.    In reliance on Abraxsis' misrepresentations, Northrop incurred
13  approximately $100,000 in costs related to the testing of materials delivered to
14  Integra by Abraxsis; Northrop also paid $1.45 million to Abraxsis in reliance on
15  Abraxsis' misrepresentations.

16

17      45.    Northrop, at the time of Abraxsis' misrepresentations and failure
18  to disclose the true facts, and at the time Abraxsis took the actions alleged herein,
19  was ignorant of the existence of those facts.  Had Northrop known the true facts,
20  Northrop would not have paid Integra approximately $100,000 for software
21  development and a test bed, would not have paid Abraxsis $656,380 in milestone
22  payments nor paid Abraxsis the additional $798,250 for the purported 3,100
23  additional parts.  Northrop's reliance was justified in that Northrop was misled by
24  false representations and even after reasonable inquiry did not have knowledge of
25  those facts that were suppressed.

26

27      46.    As a proximate result of the misrepresentations and the failure to
28  disclose the true facts, Northrop has been damaged in that it expended at least

1  $100,000 in costs for testing of the microcircuits at Integra, and at least $1.45

2  million for faulty or non-existing microcircuits.  Abraxsis' failure, and inability, to

3  deliver the microcircuits has also damaged Northrop in that it has been forced to

4  attempt to acquire replacement parts and ultimately to expedite design changes that

5  omit the requirement of this particular microcircuit in products supplied by Northrop

6  to its customers.  The full amount of Plaintiff's damages is unknown at this time but

7  they will be established at the time of trial.

8

9      47.    In doing the things alleged in this complaint, Abraxsis acted with

10  oppression, fraud, and malice.  Northrop is therefore entitled to punitive damages in

11  a sum according to proof.

12

13                    **FIFTH CAUSE OF ACTION**

14  (For Civil Recovery for Theft (Cal. Penal Code §§ 484, 496(c)) Against Abraxsis
    and Does 1 through 10)

15

16      48.    Northrop realleges and incorporates by reference the allegations

17  of paragraphs 1 through 47 of this complaint.

18

19      49.    California Penal Code § 484 defines "theft" as follows:

20

21          Every person who shall . . . knowingly and

22          designedly, by any false or fraudulent representation

23          or pretense, defraud any other person of money,

24          labor or real or personal property . . . is guilty of

25          theft.

26

27      50.    Abraxsis and Does 1 through 10 knowingly and intentionally

28  obtained $656,380 in milestone payments and an additional $798, 250 (for parts that

-13-

Abraxsis did not have and could not obtain) through false and fraudulent representations and pretenses.  Accordingly, Abraxsis and Does 1 through 10 are guilty of theft.

51.   Abraxsis and Does 1 through 10 thus stole Northrop's $1.45 million and knew that the money thus obtained was unlawfully taken from Northrop.  Furthermore, on information and belief, Abraxsis and Does 1 through 10 concealed, withheld or aided in concealing or withholding Northrop's funds when Northrop demanded the return of such funds.

52.   Northrop has been damaged by Abraxsis and Does 1 through 10 in the amount of at least $1.45 million.  Pursuant to California Penal Code § 496(c), Northrop is entitled to recover three times the amount of actual damages sustained by Northrop, costs of suit and reasonable attorney's fees.

## SIXTH CAUSE OF ACTION

(For Unfair Competition Under California Business & Professions Code §§ 17200, *et seq.* Against Abraxsis and Does 1 through 10)

53.   Northrop realleges and incorporates by reference the allegations of paragraphs 1 through 52 of this complaint.

54.   By virtue of Defendants' unlawful, unfair and fraudulent acts and business practices alleged herein, Defendants have engaged in unfair competition and violated California Business & Professions Code §§ 17200, *et seq.* and the common law of the State of California.

55.   Northrop has been and is likely to be injured as a result of Defendants' unlawful, unfair and fraudulent business acts or practices designed to

1   deprive Northrop of substantial sums of money and unlawfully acquire for

2   themselves Northrop's profits, gains, and economic advantage.

3

4          56.   By virtue of the aforesaid unlawful, misleading, fraudulent

5   and/or unfair business acts or practices, Defendants have caused and will continue to

6   cause substantial and irreparable harm to Northrop and to the public.  Defendants'

7   actions should thus be enjoined, and Defendants should be ordered to restore to

8   Northrop the funds which Defendants acquired by means of their unfair competition.

9

10   **PRAYER FOR RELIEF**

11   WHEREFORE, Northrop prays for judgment as follows:

12

13         1.   For judgment against Abraxsis for damages in an amount to be

14   proven at trial;

15

16         2.   For prejudgment interest on the amounts due Northrop;

17

18         3.   For the Court to declare that Abraxsis failed to timely deliver

19   required parts of the quality specified in the parties' contract, and failed to pay for

20   testing, to accept rejected parts and to refund to Northrop the funds it had paid for

21   such parts despite Abraxsis' agreement to provide such services.

22

23         4.   For an award of exemplary damages sufficient to punish

24   Abraxsis for the misrepresentations alleged;

25

26         5.   For judgment against Defendants for damages in an amount to be

27   proven at trial, to be calculated as treble the actual damages;

28

W02-WEST:1GPB1\403273382.1

COMPLAINT

1       6.    For judgment for costs and other expenses according to proof;

2

3       7.    For reasonable attorney's fees; and

4

5       8.    For such other and further relief as the Court may deem just and

6  proper.

7

8                      **DEMAND FOR JURY TRIAL**

9         Plaintiff Northrop hereby demands a jury trial on all issues triable of

10  right by a jury.

11

12  DATED:  February 14, 2011

13                   SHEPPARD MULLIN RICHTER & HAMPTON LLP

14

15                By

16

17                     GREGORY P. BARBEE

                         JOHN M. HYNES

18                     Attorneys for Plaintiff

19              Northrop Grumman Guidance and

                     Electronics Company, Inc.

20

21

22

23

24

25

26

27

28

W02-WEST:1GPB1\403273382.1            COMPLAINT

**EXHIBIT A**

# NORTHROP GRUMMAN

**Page No: 1**

**Northrop Grumman**
Electronic Systems

**Purchase Order**
**39194575**

**Printed: 8/18/2008**

---

## P.O. Address Information

**Northrop Grumman**
Guidance and Electronics Co Inc.
21240 Burbank Blvd
Woodland Hills, CA 91367-1234
USA
Phone: 818-715-4040

Vendor Code:017525
Vendor Name & Address
**ABRAXSIS TECHNOLOGIES**
  **10815 BEAVER DAM ROAD**
  **SUITE H**
**HUNT VALLEY, MD 21030**
**Phone: 410-785-5900**

Mail Invoice To
**NORTHROP GRUMMAN**
**NAVIGATION SYSTEMS DIVISION**
**ACCOUNTS PAYABLE P.O. BOX 338**
**WOODLAND HILLS, CA 91365-0338**

Ship To
**NORTHROP GRUMMAN**
  **GUIDANCE & ELECTRONICS CO, INC**
  **21240 BURBANK BLVD**
**WOODLAND HILLS, CA 91367-6675**
**US**

**Notes:** Invoice each PO Number separately
Applicable invoice must show PO Number, Item
Number & Quantity

**Notes:** Ship & Declare value per Northrop Grumman's
standard Transportation Routing Instructions.

---

## PO Information

| | | | |
|---|---|---|---|
| PO Number | **39194575** | Vendor Code | **017525** |
| Date | **8/11/2008** | Business Code | **D** |
| Revision | **0** | Confirm To | **DAVE FRIEDE** |
| Date | **8/11/2008** | Confirm Date | **8/11/2008** |
| PO/PR Total | **3,347,240.0000 USD** | Discount % | **0** |
| Buyer Name | **RAMAGE, SUE** | Discount Days | **0** |
| Buyer Code | **40** | Net Month | **N** |
| Buyer Signature | *S. Ramage* | Net Days | **30** |
| Buyer Telephone | **818-715-4040** | | |

### Blanket P.O. Information

| | | | |
|---|---|---|---|
| P.O. Authorization Limit | | F.O.B. | **DEST** |
| P.O. Release Amount | | Freight Payment | **C** |
| P.O. Balance | | Ship Method | **SHIP VIA SCATS** |
| P.O. Expiration Date | | Other | |
| | | Resale Certificate Number | **SKAC98-039806** |

---

## P.O. Header Comments / Notes

P.O. Header Comments    **QAP ISSUE 15 DATE 04/23/07**
Flow Down Notes
Flow Down Text

---

EXHIBIT _A_ PAGE _17_

# NORTHROP GRUMMAN

Page No: 2

**Northrop Grumman**
Electronic Systems

**Purchase Order**
**39194575**

**Printed: 8/18/2008**

| External Comments | **Abraxsis to send out each lot for testing to II183. NGC has in house test capability. Upon receipt parts must go to North Penn to perform J leads.** |
|---|---|

## Special Notice to Offeror

This order is subject to the following order Standard Terms and Conditions which is hereby incorporated by reference. The reference T & C's are made available on-line through our Automated Supplier Information System: https//oasis.northgrum.com Electronic Systems Purch/Proc. Forms & Docs.

The subject Purchase order Quality Assurance Provisions (QAP's) are hereby incorporated by reference. The reference (QAP's are made available on-linethrough our automated supplier information systems: https://oasis.northgrum.com Electronic Systems-General information-Quality Requirements-NSD Quality Assurance Provisions.

COUNTRY OF ORIGIN MARKING: All articles of foreign(or their containers) imported into Customs Territory of the U.S. must be marked with the article'scountry of origin. The marking must be in a conspicuous place and in English.

In the event that the seller becomes aware of unethical or unlawful conduct pertaining to this orderby Northrop Grumman employees, seller can contactthe Northrop Grumman Open Line at telephone 1-800-247-4952 to report such conduct.

SCATS Shipment Routing Instructions to NavigationsSystems NGC shipments are processed through a Transportation Management System called SCATS (SupplyChain Active Tracking System). SCATS is providedand administered by Global Logistics Village Inc.(GLV). All SCATS system user support is provided by GLV's Technical Assistance Center (TAC). All shipments must be processed through the SCATS system.SCATS can be accessed through the following website: http://glovill.com/scats

To request SCATS login: www.glovill.com/scatsloginAddress: PO Box 2389, San Ramon, CA 94583 Operating hours: 6:00 a.m. to 5:00 p.m. (PST)

If you experience difficulty with the SCATS process, please contact your appropriate buyer.

## Attachments

| Path/File Name | Link/Attach |
|---|---|
| **P351-F01, Rev H, Dated 5-08_7942.dot** | **Attachment** |
| **QAP 25 & 26_7943.doc** | **Attachment** |
| **II183 _8011.pdf** | **Attachment** |
| **Specific Language_8016.txt** | **Attachment** |

EXHIBIT _A_ PAGE _18_

# NORTHROP GRUMMAN

Page No: 3

**Northrop Grumman**
Electronic Systems

## Purchase Order
39194575

**Printed: 8/18/2008**

---

## P.O. Line Information - Line: 0001

| | | | |
|---|---|---|---|
| Drawing Revision | | Part Number | **848861-9037** |
| Description | **MICROCIRCUIT** | Quantity | **6,500.00** |
| Unit Price | **514.9600 USD** | Quantity UOM | **EA** |
| P.O. UOM | | Extended Price | **3,347,240.0000 USD** |
| Manufacturer Part | **5962-8861903YA** | Supplier Quantity | |

---

## P.O. Line Schedule Information

| Required Quantity | Required Date | Promised Quantity | Promised Date |
|---|---|---|---|
| 1,000.00 | 9/15/2008 | 1,000.00 | 9/15/2008 |
| 1,000.00 | 10/15/2008 | 1,000.00 | 10/15/2008 |
| 2,000.00 | 11/17/2008 | 2,000.00 | 11/17/2008 |
| 2,500.00 | 12/1/2008 | 2,500.00 | 12/1/2008 |

---

## P.O. Line Comments / Notes

P.O. Line Comments
Flow Down Notes          1013,26,F01
Flow Down Text

**Clause 1013: The parts shall be packaged to prevent physical damage through shock, vibration, handling, abrasion, scratching, etc) and placed in to snug fitting rigid containers (such as fold up, set-upmetal edge, plastic box, or fiberboard, etc) .Quantity per container shall not exceed 100 pieces. Lead bending shall be prevented through use of stiffeners, etc.**

**Clause 26: For this purchase order, the Seller shall comply with the 'Berry Amendment', Defense Federal Acquisition Regulation Supplement (DFARS) 252.225-7014, Alt. 1, Preference for Domestic Specialty Metals. Specialty metals incorporated in articles delivered to Northrop Grumman, except as defined below, must comply with the requirements of this clause: ....RF Devices ....Semiconductors ....Circuit Card Assemblies and components designed or intended for use on Circuit Card Assemblies, such as diodes, capacitors, resistors, transistors, and integrated circuits ....Tooling. Any other waivers, Domestic Non-Availability Determinations, deviations, or other forms of exemption from this requirement do not apply to this purchase order. Any deviation to the above requirement may only be granted through the use of a Northrop Grumman form P704-F05, DFARS Authorization to Ship Non-Conforming Material.**

**F01...P351-F01: This order is subject to the following purchase order conditions: Terms and Conditions,Fixed Price Under Government Contract, which is hereby incorporated be reference. The reference T&C's are made available on-line through our Automated Supplier Information System: https://oasis.northgrum.com Electronic Systems Purch./Proc. Forms & Docs**

QAP Code          **002B,206,211A**

EXHIBIT _A_ PAGE _19_

EXHIBIT _A_ PAGE _20_

# NORTHROP GRUMMAN

Page No: 4

**Northrop Grumman**
Electronic Systems

### Purchase Order
### 39194575

**Printed: 8/18/2008**

| External Comments | MFG-859915 |
|---|---|
| | **Seller agrees that if the Texas Instrument parts, identified as NG part number 848861-9037, purchased under this purchase order are found to be altered, counterfeit, used or non-conforming after receipt by Northrop Grumman, buyer is authorized to return the defective devices for full credit. Seller also agrees that it will compensate NG for any value add that was performed on the defective devices such as DPA and testing that resulted in the identification of the defect.** |
| | **NSD is funding these items with internal funds until such time as (e.g., the government contract is identified). Therefore, P351-F01 T&Cs under a government contract are hereby incorporated.** |

## General Information

| Prime Contract Number | XAA-2007-018 | DPAS Rating | **NOT APPLIC** |
|---|---|---|---|
| Contract Number | | Resale | **Y** |

## Project Information

| Project | **1501947-LTBLTB** | GL Account | **02-13001-0-00000** |
|---|---|---|---|
| Project Name | | Work Order | |
| CEC | **MTL** | | |

## PR Information

| PR Number | **19244788** | PLO Number | |
|---|---|---|---|
| Planner Name | **SARNECKI,SHANE** | Requester | **GODFREY** |
| Planner Code | **30** | Deliver To | **SALT LAKE CITY** |
| Planner Phone | **(818) 715-2048** | Stock Room | **01** |
| Planner Work Center | | Inspection | **Y** |

## Attachments

## Approval Information

| PO/PR Total | **3,347,240.0000 USD** | Approval | |
|---|---|---|---|
| Approval | | Departmental Approval | |
| Accounting Review | | Final Approval | |
| Budget Dept. Approval | | Executive Office Approval | |

# EXHIBIT _A_ PAGE _21_

# NORTHROP GRUMMAN

Page No: 5

**Northrop Grumman**
Electronic Systems

**Purchase Order**            **Printed: 8/18/2008**
39194575

| Northrop Grumman Use Only | | | | | |
|---|---|---|---|---|---|
| Mail | ACK SET | DRWGS | SPECS | TOOLING | IIIR |
| | YES/NO | YES/NO | YES/NO | YES/NO | YES/NO |

EXHIBIT _A_ PAGE _22_

**EXHIBIT B**

Purchase Order                                                              Page 1 of 6

# NORTHROP GRUMMAN

**Page No: 1**

**Northrop Grumman**
Electronic Systems

**Purchase Order**                          **Printed: 11/13/2008**
**39194575**

---

## P.O. Address Information

**Northrop Grumman**
Guidance and Electronics Co Inc.
21240 Burbank Blvd
Woodland Hills, CA 91367-1234
USA
Phone: 818-715-4040

Mail Invoice To
**NORTHROP GRUMMAN**
**NAVIGATION SYSTEMS DIVISION**
**ACCOUNTS PAYABLE P.O. BOX 338**
**WOODLAND HILLS, CA 91365-0338**

**Notes:** Invoice each PO Number separately
Applicable invoice must show PO Number, Item
Number & Quantity

Vendor Code:**017525**
Vendor Name & Address
**ABRAXSIS TECHNOLOGIES**
 **10815 BEAVER DAM ROAD**
 **SUITE H**
**HUNT VALLEY, MD 21030**
**Phone: 410-785-5900**

Ship To
**NORTHROP GRUMMAN**
 **GUIDANCE & ELECTRONICS CO, INC**
 **21240 BURBANK BLVD**
**WOODLAND HILLS, CA 91367-6675**
**US**

**Notes:** Ship & Declare value per Northrop Grumman's
standard Transportation Routing Instructions.

---

## PO Information

| | | | |
|---|---|---|---|
| PO Number | **39194575** | Vendor Code | **017525** |
| Date | **8/11/2008** | Business Code | **D** |
| Revision | **1** | Confirm To | **DAVE FRIEDE** |
| Date | **8/11/2008** | Confirm Date | **8/11/2008** |
| PO/PR Total | **2,626,296.0000 USD** | Discount % | **0** |
| Buyer Name | **RAMAGE, SUE** | Discount Days | **0** |
| Buyer Code | **40** | Net Month | **N** |
| Buyer Signature | *S. Ramage* | Net Days | **30** |
| Buyer Telephone | **818-715-4040** | | |

### Blanket P.O. Information

| | | | |
|---|---|---|---|
| P.O. Authorization Limit | | F.O.B. | **DEST** |
| P.O. Release Amount | | Freight Payment | **C** |
| P.O. Balance | | Ship Method | **SHIP VIA SCATS** |
| P.O. Expiration Date | | Other | |
| | | Resale Certificate Number | **SKAC98-039806** |

---

## P.O. Header Comments / Notes

P.O. Header Comments     **QAP ISSUE 15 DATE 04/23/07**
Flow Down Notes
Flow Down Text

EXHIBIT *B* PAGE *23*

# NORTHROP GRUMMAN

Page No: 2

**Northrop Grumman**
Electronic Systems

**Purchase Order**             **Printed: 11/13/2008**
39194575

| External Comments | Abraxsis to send out each lot for testing to II183. NGC has in house test capability. Upon receipt parts must go to North Penn to perform J leads. |
|---|---|

C/N 1-Is issued to:

1. Decrease quantity on line item 1 from 6500 to 5100.

2. Incorporate agreement based on NSD letter 39194575-CS-001 dated 22 October 2008 and as accepted on 24 October 2008 from Abraxsis, William Knell.

3. Incorporate milestone payments and milestone terms and conditions P477-F04.

4. Revise delivery schedule as follows.

Date Quantity
03/16/09 557 pcs
05/15/09 1443 pcs
07/18/09 2000 pcs
09/15/09 1100 pcs

Milestone Payment: 50% of value of Microprocessors delivered to third party test house and initiation of testing per contract as

shown on the schedule below. This payment will be liquidated and paid back out of invoices submitted for delivery of P.O. items.

Date Quantity
11/15/08 557 pcs
2/15/09 1443 pcs
4/18/09 2000 pcs
6/15/09 1100 pcs

SR 11-13-08 Delta -$720,944.00

EXHIBIT _B_ PAGE _24_

# NORTHROP GRUMMAN

Page No: 3

**Northrop Grumman**
Electronic Systems

**Purchase Order**
**39194575**

**Printed: 11/13/2008**

## Special Notice to Offeror

This order is subject to the following order Standard Terms and Conditions which is hereby incorporated by reference. The reference T & C's are made available on-line through our Automated Supplier Information System: https://oasis.northgrum.com Electronic Systems Purch/Proc. Forms & Docs.

The subject Purchase order Quality Assurance Provisions (QAP's) are hereby incorporated by reference. The reference (QAP's are made available on-linethrough our automated supplier information systems: https://oasis.northgrum.com Electronic Systems-General information-Quality Requirements-NSD Quality Assurance Provisions.

COUNTRY OF ORIGIN MARKING: All articles of foreign(or their containers) imported into Customs Territory of the U.S. must be marked with the article'scountry of origin. The marking must be in a conspicuous place and in English.

In the event that the seller becomes aware of unethical or unlawful conduct pertaining to this orderby Northrop Grumman employees, seller can contactthe Northrop Grumman Open Line at telephone 1-800-247-4952 to report such conduct.

SCATS Shipment Routing Instructions to NavigationsSystems NGC shipments are processed through a Transportation Management System called SCATS (SupplyChain Active Tracking System). SCATS is providedand administered by Global Logistics Village Inc.(GLV). All SCATS system user support is provided by GLV's Technical Assistance Center (TAC). All shipments must be processed through the SCATS system.SCATS can be accessed through the following website: http://glovill.com/scats

To request SCATS login: www.glovill.com/scatsloginAddress: PO Box 2389, San Ramon, CA 94583 Operating hours: 6:00 a.m. to 5:00 p.m. (PST)

If you experience difficulty with the SCATS process, please contact your appropriate buyer.

## Attachments

| Path/File Name | Link/Attach |
|---|---|
| **P351-F01, Rev H, Dated 5-08_7942.dot** | **Attachment** |
| **QAP 25 & 26_7943.doc** | **Attachment** |
| **Specific Language_8016.txt** | **Attachment** |

## P.O. Line Information - Line: 0001

| | | | |
|---|---|---|---|
| Drawing Revision | | Part Number | **848861-9037** |
| Description | **MICROCIRCUIT** | Quantity | **5,100.00** |
| Unit Price | **514.9600 USD** | Quantity UOM | **EA** |
| P.O. UOM | | Extended Price | **2,626,296.0000 USD** |
| Manufacturer Part | **5962-8861903YA** | Supplier Quantity | |

EXHIBIT _B_ PAGE _25_

# *NORTHROP GRUMMAN*

Page No: 4

**Northrop Grumman**
Electronic Systems

**Purchase Order**
**39194575**

**Printed: 11/13/2008**

## P.O. Line Schedule Information

| Required Quantity | Required Date | Promised Quantity | Promised Date |
|---|---|---|---|
| 1,000.00 | 12/15/2008 | 1,000.00 | 12/15/2008 |
| 1,000.00 | 1/15/2009 | 1,000.00 | 1/15/2009 |
| 1,000.00 | 2/16/2009 | 1,000.00 | 2/16/2009 |
| 1,000.00 | 3/16/2009 | 1,000.00 | 3/16/2009 |
| 1,100.00 | 4/15/2009 | 1,100.00 | 4/15/2009 |

## P.O. Line Comments / Notes

P.O. Line Comments

Flow Down Notes          1013,26,F01

Flow Down Text           **Clause 1013: The parts shall be packaged to prevent physical damage through shock, vibration, handling, abrasion, scratching, etc) and placed in to snug fitting rigid containers (such as fold up, set-upmetal edge, plastic box, or fiberboard, etc) .Quantity per container shall not exceed 100 pieces. Lead bending shall be prevented through use of stiffeners, etc.**

**Clause 26: For this purchase order, the Seller shall comply with the 'Berry Amendment', Defense Federal Acquisition Regulation Supplement (DFARS) 252.225-7014, Alt. 1, Preference for Domestic Specialty Metals. Specialty metals incorporated in articles delivered to Northrop Grumman, except as defined below, must comply with the requirements of this clause: ....RF Devices ....Semiconductors ....Circuit Card Assemblies and components designed or intended for use on Circuit Card Assemblies, such as diodes, capacitors, resistors, transistors, and integrated circuits ....Tooling. Any other waivers, Domestic Non-Availability Determinations, deviations, or other forms of exemption from this requirement do not apply to this purchase order. Any deviation to the above requirement may only be granted through the use of a Northrop Grumman form P704-F05, DFARS Authorization to Ship Non-Conforming Material.**

**F01...P351-F01: This order is subject to the following purchase order conditions: Terms and Conditions,Fixed Price Under Government Contract, which is hereby incorporated be reference. The reference T&C's are made available on-line through our Automated Supplier Information System: https://oasis.northgrum.com Electronic Systems Purch./Proc. Forms & Docs**

QAP Code                 **002B,206,211A**

EXHIBIT _B_ PAGE _26_

# *NORTHROP GRUMMAN*

Page No: 5

**Northrop Grumman**
Electronic Systems

**Purchase Order**
**39194575**

**Printed: 11/13/2008**

| External Comments | MFG-859915 |
|---|---|
| | **Seller agrees that if the Texas Instrument parts, identified as NG part number 848861-9037, purchased under this purchase order are found to be altered, counterfeit, used or non-conforming after receipt by Northrop Grumman, buyer is authorized to return the defective devices for full credit. Seller also agrees that it will compensate NG for any value add that was performed on the defective devices such as DPA and testing that resulted in the identification of the defect.** |
| | **NSD is funding these items with internal funds until such time as (e.g., the government contract is identified). Therefore, P351-F01 T&Cs under a government contract are hereby incorporated.** |

## General Information

| | | | |
|---|---|---|---|
| Prime Contract Number | **XAA-2007-018** | DPAS Rating | **NOT APPLIC** |
| Contract Number | | Resale | **Y** |

## Project Information

| | | | |
|---|---|---|---|
| Project | **1501947-LTBLTB** | GL Account | **02-13001-0-00000** |
| Project Name | | Work Order | |
| CEC | **MTL** | | |

## PR Information

| | | | |
|---|---|---|---|
| PR Number | **19244788** | PLO Number | |
| Planner Name | **SARNECKI,SHANE** | Requester | **GODFREY** |
| Planner Code | **30** | Deliver To | **SALT LAKE CITY** |
| Planner Phone | **(818) 715-2048** | Stock Room | **01** |
| Planner Work Center | | Inspection | **Y** |

## Attachments

## Approval Information

| | | | |
|---|---|---|---|
| PO/PR Total | **2,626,296.0000 USD** | Approval | |
| Approval | | Departmental Approval | |
| Accounting Review | | Final Approval | |
| Budget Dept. Approval | | Executive Office Approval | |

EXHIBIT _B_ PAGE _27_

# *NORTHROP GRUMMAN*

Page No: 6

**Northrop Grumman**
Electronic Systems

**Purchase Order**
**39194575**

**Printed: 11/13/2008**

| Northrop Grumman Use Only | | | | | |
|---|---|---|---|---|---|
| Mail | ACK SET | DRWGS | SPECS | TOOLING | IIIR |
| | **YES/NO** | **YES/NO** | **YES/NO** | **YES/NO** | **YES/NO** |

EXHIBIT *B* PAGE 28

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Dean D. Pregerson and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV11- 1377 DDP  (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=======================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Gregory P. Barbee 185156
John Hynes 265778
Sheppard Mullin Richter & Hampton LLP
333 S. Hope St., 43rd Floor
Los Angeles, CA  90071
T: 213-620-1780
F:  213-620-1398

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORTHROP GRUMMAN GUIDANCE AND ELECTRONICS COMPANY, INC., a Delaware Corporation,<br><br>PLAINTIFF(S)<br><br>V.<br><br>ABRAXSIS TECHNOLOGIES, LLC, a Maryland Limited Liability Company, and DOES 1 through 10, inclusive<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV11-1377DDP (AJWx)<br><br><br>**SUMMONS** |

TO:DEFENDANT(S): <u>Abraxsis Technologies, LLC</u>

A lawsuit has been filed against you.

Within <u>21</u> days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☒ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, <u>Gregory P. Barbee and John Hynes</u>, whose address is <u>333 S. Hope St., 43rd Floor, Los Angeles, CA  90071</u>. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  FEB 1 4 2011

By: _____
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

American LegalNet, Inc.
www.USCourtForms.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐)<br>NORTHROP GRUMMAN GUIDANCE AND ELECTRONICS COMPANY, INC., a Delaware Corporation | DEFENDANTS<br>ABRAXSIS TECHNOLOGIES, LLC, a Maryland Limited Liability Company; and DOES 1 through 10, inclusive |
|---|---|

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Gregory P. Barbee (SBN 185156), John Hynes (SBN 265778)<br>Sheppard Mullin Richter & Hampton LLP<br>333 S. Hope St., 43rd Floor<br>Los Angeles, CA 90071<br>T: 213-620-1780 / F: 213-620-1398 | Attorneys (If Known) |
|---|---|

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☒ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No    ☒ **MONEY DEMANDED IN COMPLAINT: $** 1,500,000.00

**VI. CAUSE OF ACTION** (Cite the U. S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Diversity Claim under 28 USC Sec. 1332(a)(1) and 28 USC Sec. 1391(a)(2) for breach of contract, fraud, civil recovery for theft, unfair competition.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 22 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities – Employment | ☐ 630 Liquor Laws | ☐ 61 HIA(1395ff) |
| ☐ 892 Economic Stabilization Act | REAL PROPERTY | | ☐ 446 American with Disabilities – Other | ☐ 640 R.R.& Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 440 Other Civil Rights | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW 405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 462 Naturalization Application | | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 463 Habeas Corpus-Alien Detainee | | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 465 Other Immigration Actions | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | | | | ☐ 871 IRS-Third Party 26 USC 7609 |

CV11-1377

**FOR OFFICE USE ONLY:**   Case Number:   .

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

CV-71 (05/08)    CIVIL COVER SHEET    Page 1 of 2

American LegalNet, Inc.<br>www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ No ☐ Yes

If yes, list case number(s):

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   ☒ No ☐ Yes

If yes, list case number(s):

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or
                               ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
                               ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
                               ☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Maryland |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
       **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

| X. SIGNATURE OF ATTORNEY (OR PRO PER): | *[signature]* | Date | 02/14/2011 |
|---|---|---|---|

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

American LegalNet, Inc.
www.FormsWorkflow.com

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.
www.FormsWorkflow.com